### TAYLOR v. WALKER, Sheriff.

(Circuit Court of Appeals, Fourth Circuit. June 22, 1925.)

No. 2381.

Criminal law ⟨⟩977(3) — Postponement of judgment after plea of guilty held not to render subsequent judgment void.

On plea of guilty to embezzling post office funds, action of court in postponing entry of judgment to consider case *held* not to divest it of authority to render valid judgment 7½ months later.

Appeal from the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Habeas corpus by Jordan W. Taylor directed to Henry A. Walker (L. C. Massey), Sheriff of Kanawha County, W. Va. The writ was refused, and petitioner appeals. Affirmed.

J. Raymond Gordon, of Charleston, W. Va., for appellant.

Elliott Northcott, U. S. Atty., of Huntington, W. Va., and B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va., for appellee.

6 F.(2d)—37

Before WADDILL and ROSE, Circuit Judges, and WEBB, District Judge.

WADDILL, Circuit Judge. This is a habeas corpus proceeding, in which the appellant avers that he is unlawfully restrained of his liberty by the defendant in error, acting pursuant to a judgment of the United States District Court for the Southern District of West Virginia, at Charleston, and prays that he be discharged by this court.

The case, presented briefly, is that appellant was indicted at the April term, 1924, of said court, charged with embezzling post office funds, and on the 17th of April, 1924, entered his plea of guilty. The record shows that judgment was not that day entered, but that "the court, not now being advised of its judgment, takes time to consider thereof," and no action was taken at the time looking either to the confinement or bailing of the accused. On the 17th of November, 1924, a capias was issued for the apprehension of the defendant, made returnable the next day, and on the 3d of December, 1924, the court, the defendant being present in person pursuant to said capias, rendered its judgment upon the plea of guilty aforesaid, and assessed against him a fine of $582.07 (it being one of the cases in which under the statute the court was required to impose a fine equivalent to the amount of the shortage), and sentenced him to imprisonment for one year and a day in the penitentiary.

This proceeding was instituted to test the legality of this sentence; the appellant's contention being that the court, by reason of its failure to do more than postpone the entry of its judgment and taking time to consider of its action, on the entry of the plea of guilty on the 17th of April, 1924, lost authority thereafter so to do, and that the judgment entered on the 3d of December, 1924, was wholly void and of no effect.

We have given careful consideration to the contention thus made, and the same is entirely devoid of merit. To impose upon trial courts the necessity of reaching their conclusion and entering judgment carrying out the same upon the incoming of a plea of guilty, without taking further and reasonable time to consider thereof, when in their judgment necessary, would be impracticable and largely tend to destroy the orderly administration of justice in the courts. The decision of this court in Gillespie v. Walker, Sheriff, 296 F. 330, 332, an appeal from the District Court of the Southern District of West Virginia, in its letter and spirit fully sustains the action of the lower court com-

plained of, and shows that the relief asked for should be denied.

The decision of the District Court is affirmed.

Affirmed.